UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RUDY RIVERA, | Case No. 2:17-CV-2776 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| DANIEL BOGDEN, et al., | |
| Defendant(s). | |

Presently before the court is defendant Corrections Corporation of America's ("CoreCivic") motion to dismiss. (ECF No. 13). Plaintiff Rudy Rivera filed a response (ECF No. 16), to which defendant replied (ECF No. 17).

**I.    Facts**

This is a *Bivens* civil rights action arising from plaintiff's protracted pretrial detention. (ECF No. 1); *see also Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that on November 25, 2014, defendants Daniel Bogden and Amber Craig, who are both federal prosecutors, filed an indictment charging plaintiff with marijuana-related offenses. (ECF No. 3). On that same day, a Nevada federal court issued a warrant for plaintiff's arrest. (*Id*.). On October 26, 2015, federal marshals in the Eastern District of California arrested plaintiff and placed him into custody. (*Id*.). On October 27, a magistrate judge ordered plaintiff to be detained pending transfer to the District of Nevada for his initial detention hearing. (*Id*.)

Plaintiff further alleges that he was transferred to the Nevada Southern Detention Center ("NSDC") on or about November 4, 2015, where he remained in solitary confinement for the next 355 days. (*Id*.). During his detention, plaintiff repeatedly requested counsel and to be taken to a judge, but CoreCivic ignored his requests. (*Id*.). After almost a year, plaintiff was able to send a

letter to the Federal Public Defender's Office, which ultimately caused plaintiff to appear before a magistrate judge on October 24, 2016. (*Id*.). The magistrate judge released plaintiff on a personal recognizance bond. (*Id*.). On February 1, 2017, the Nevada federal court dismissed with prejudice the charges against plaintiff. (*Id*.).

Plaintiff also alleges that his solitary confinement caused him to experience extreme agitation and suffer severe anxiety for which he had to receive medical treatment. (*Id*.). Plaintiff describes his symptoms as "extreme and severe fright, shock, fear, horror, and emotional distress." (*Id*.).

On November 3, 2017, plaintiff filed his first amended complaint. (ECF No. 3). The amended complaint raises eight causes of action: (1) violation of the Fourth Amendment, (2) violation of substantive due process under the Fifth Amendment, (3) violation of procedural due process under the Fifth Amendment, (4) violation of the right to counsel and access to courts under the Sixth Amendment, (5) negligence, (6) negligent infliction of emotional distress, (7) intentional infliction of emotional distress, and (8) false imprisonment. (*Id*.). Plaintiff brings only the fifth, sixth, seventh, and eighth causes of action against CoreCivic. (*Id*.).

Now, CoreCivic moves to dismiss the fifth, sixth, seventh, and eighth causes of action. (ECF No. 13).

**II.    Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III. Discussion**

Defendant moves to dismiss four causes of action: negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and false imprisonment. (ECF No. 13).

  *a. Negligence*

To state a claim for negligence under Nevada law, a plaintiff must allege four elements: (1) a duty of care, (2) a breach of that duty, (3) causation, and (4) damages. *Turner v. Mandalay Sport Entm't*, 180 P.3d 1172, 1175 (Nev. 2008).

CoreCivic argues that the court should dismiss plaintiff's negligence claim because plaintiff has failed to allege that CoreCivic's acts or omissions caused plaintiff's injuries. (ECF No. 13). However, plaintiff alleges that CoreCivic and its employees placed plaintiff in detention, did not give him access to counsel, and ignored his requests for an attorney or to be taken before a judge. (ECF No. 3). Assuming these allegations to be true, CoreCivic's actions would have foreseeably caused plaintiff's prolonged term of custody. Accordingly, the court will not dismiss plaintiff's negligence claim.

   *b. Negligent infliction of emotional distress*

Nevada law provides a "direct" theory of negligent infliction of emotional distress, where victims of a defendant's negligent acts can recover damages for emotional distress. *See Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995). To state a claim for "direct" negligent infliction of emotional distress, a plaintiff must allege: (1) the defendant acted negligently, (2) either a physical impact or, in the absence of a physical impact, proof of a serious emotional distress causing physical injury or illness, and (3) actual or proximate causation. *See Barmettler v. Reno Air*, Inc., 956 P.2d 1382, 1387 (Nev. 1998). A plaintiff must further allege that "there was 'extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress.'" *State of Eighth Judicial Dist. Court ex rel. v. Cty. of Clark*, 42 P.3d 233, 241 (Nev. 2002) (quoting *Shoen*, 896 P.2d at 477).

CoreCivic argues that the court should dismiss plaintiff's negligent infliction of emotional distress claim for two reasons: (1) plaintiff did not sufficiently allege that CoreCivic caused plaintiff's injuries, and (2) plaintiff did not allege a physical injury. (ECF No. 13).

The court has already addressed the issue of causation and found that plaintiff has made sufficient allegations. However, plaintiff has failed to allege a physical injury. The complaint contains only allegations of psychological symptoms. In order to properly state a claim, plaintiff would have to allege that CoreCivic's actions or his psychological symptoms caused a physical injury. Accordingly, the court will dismiss plaintiff's negligent infliction of emotional distress claim without prejudice.

. . .

*c. Intentional infliction of emotional distress*

To state a claim for intentional infliction of emotional distress under Nevada law, a plaintiff must allege: (1) that the defendant's conduct was extreme and outrageous; (2) that the defendant either intended or recklessly disregarded the causing of emotional distress; (3) that the plaintiff actually suffered severe or extreme emotional distress; and (4) that the defendant's conduct actually or proximately caused the distress. *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quotation omitted).

CoreCivic argues that the court should dismiss plaintiff's intentional infliction of emotional distress claim for five reasons: (1) plaintiff did not sufficiently allege that CoreCivic caused plaintiff's injuries, (2) plaintiff did not allege details of extreme and outrageous conduct, (3) plaintiff did not allege intent or reckless disregard of the probability that CoreCivic's conduct would cause emotional distress, (4) plaintiff did not allege that he suffered from severe emotional distress, and (5) plaintiff did not allege a physical injury. (ECF No. 13).

The court has already addressed the issue of causation and found that plaintiff has made sufficient allegations. Further, plaintiff has sufficiently pleaded extreme and outrageous conduct by alleging that CoreCivic participated in placing plaintiff in solitary confinement and leaving him there for nearly a year—something akin to being locked up and forgotten.

Plaintiff has also sufficiently alleged intent or reckless disregard. The complaint includes alleged details that plaintiff made multiple requests to CoreCivic and its employees to be appointed counsel and be taken before a judge. (ECF No. 3). Such requests would have put CoreCivic on notice that plaintiff did not have counsel, which was necessary to permit adjudication of the charges against him and allow a timely release from solitary confinement.

As to whether plaintiff has pleaded emotional distress, the complaint details plaintiff's symptoms as "extreme and severe fright, shock, fear, horror, and emotional distress." (ECF No. 3). These allegations, if true, are sufficient to allow the court to draw a reasonable inference that plaintiff suffered severe emotional distress.

Finally, CoreCivic is mistaken when it argues that that plaintiff must allege a physical injury. Intentional infliction of emotional distress does not require a showing of physical injury when a plaintiff has suffered severe emotional distress. *See, e.g.*, *Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125, 148 (Nev. 2014) ("if the enormity of the outrage carries conviction that there has in fact been severe emotional distress, bodily harm is not required"). Here, plaintiff has alleged severe emotional distress. Assuming these allegations to be true, as required when considering a motion to dismiss, entails that plaintiff would not need to show physical injury.

Accordingly, the court will not dismiss plaintiff's intentional infliction of emotional distress claim.

   *d. False imprisonment*

Under Nevada law, false imprisonment is the "unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority." Nev. Rev. Stat. § 200.460. To establish a claim of false imprisonment, "it is necessary to prove that the plaintiff was restrained of his or her liberty under probable iminence of force without any legal cause or justification." *Garton v. City of Reno*, 720 P.2d 1227, 1228 (Nev. 1986) (brackets omittted). An individual's "submission to the mere verbal direction of another, unaccompanied by force or threats of any character, does not constitute false imprisonment." *Lerner Shops of Nevada, Inc. v. Marin*, 423 P.2d 398, 400 (Nev.1967).

An arrest or imprisonment pursuant to a valid legal process is generally not actionable under false imprisonment. *Nelson v. Cty. of Las Vegas*, 655 P.2d 1141, 1143–44 (Nev. 1983). However, imprisonment following a valid arrest becomes actionable when an officer "fails to take the arrested person before a court or magistrate within a reasonable time or without unnecessary delay." *Id*. at 1144–45. When an otherwise lawful detention is unreasonable, only the officers that participate in the detention, and their principals or employers, are liable for false imprisonment. *Id*. at 1145.

CoreCivic argues that the court should dismiss plaintiff's negligent infliction of emotional distress claim for two reasons: (1) plaintiff did not sufficiently allege that CoreCivic caused

plaintiff's injuries, and (2) plaintiff alleged that CoreCivic incarcerated plaintiff with proper legal cause. (ECF No. 13).

The court has already addressed the issue of causation and found that plaintiff has made sufficient allegations. As to CoreCivic's second argument, CoreCivic initially imprisoned plaintiff with sufficient legal cause, as supported by the alleged Oct 27, 2015, order. *See* (ECF No. 3). However, the analysis does not end there. The crux of the court's inquiry is whether CoreCivic or its employees brought plaintiff before a judge within reasonable time. *See Nelson*, 655 P.2d at 1144–45.

Plaintiff alleges that he was kept in solitary confinement for 355 days, despite repeatedly asking for help. (ECF No. 3). This alleged 355-day imprisonment, which CoreCivic does not dispute, for a charge that was dismissed with prejudice would constitute a failure to bring plaintiff before a judge within reasonable time. These allegations, if proven to be true, would render plaintiff's confinement unlawful. Accordingly, the court will not dismiss plaintiff's claim for false imprisonment.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED September 6, 2018.

                                                    UNITED STATES DISTRICT JUDGE