Jacob B. Lee
Nevada Bar No. 012428
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
JLee@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Tel.: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

Attorneys for Defendant
Corrections Corporation of America/CoreCivic

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUDY RIVERA, | Case No. 2:17-cv-02776-JCM-NJK |
| Plaintiff, | |
| v. | **STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |
| DANIEL BOGDEN, et al., | |
| Defendants. | |

Defendant, Corrections Corporation of America ("CoreCivic"),[1] and Plaintiff, Rudy Rivera ("Plaintiff") (collectively, "Parties"), through their respective counsel, stipulate and agree that the following specifications should govern the dissemination of documents and information exchanged between the Parties in this matter, and jointly request that the Court enter the following Protective Order.

1. For purposes of this Protective Order, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recording or transcript of oral testimony,

---

[1] Corrections Corporation of America is now CoreCivic.

whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains: (1) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26); (2) confidential personal information related to current or former employees of CoreCivic, the disclosure of which might invade those current or former employees' privacy; (3) documents containing financial, pricing, or contractual information, unless they are already public records; (4) security sensitive information related to the operation of any CoreCivic or United States Marshals Service ("USMS") facility (as contained in records possessed by CoreCivic); and (5) confidential information relating to or identifying current or former inmates or detainees (other than Rudy Rivera), the disclosure of which might invade those persons' privacy. CONFIDENTIAL INFORMATION is specifically intended to include, but is not limited to the following documents, unless they are already public records: (1) CoreCivic's policies and procedures; (2) CoreCivic's training materials, information, and documents; (3) CoreCivic's post orders; (4) CoreCivic's investigative materials, to the extent, if any, they apply to Plaintiff's claims, including, but not limited to inmate/detainee institutional files and/or documents, disciplinary-related documents, criminal history-related documents, security threat group or gang intelligence-related documents, and presentence investigations; (5) facility diagrams/photographs/security video, including information related to placement of security cameras; and (6) any USMS records already contained in CoreCivic's records. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings, and any instrument that comprises, embodies, or summarizes matter that any party considers confidential. Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the classification of any information as confidential and to submit the issue to the Court for

resolution. Nor does anything in this Order require a party to produce CONFIDENTIAL INFORMATION.

2. By way of example, the term "documents" includes, but is not limited to, correspondence, memoranda, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, electronic files, electronic information, emails, and other writings.

3. It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as CONFIDENTIAL will be subject to this Protective Order. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Protective Order.

4. Whenever a deposition ~~or court proceeding~~ involves the disclosure of a party's CONFIDENTIAL INFORMATION, the following procedure will apply:

    a. The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

    b. The cover of any portion of a deposition ~~or court proceeding~~ transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend: **CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**.

> Relief as to a Court proceeding shall be sought separately from the judge conducting that hearing.

3538594.1 - 3 -

| | | |
|---|---|---|
|1| c. | All portions of deposition ~~or court proceeding~~ transcripts designated as |
|2| | CONFIDENTIAL INFORMATION ~~will be sealed and~~ will not be |
|3| | disseminated except to the persons identified in Paragraphs 6 and 8. |
|4| d. | Any party may designate any portion of a deposition, not previously |
|5| | designated as CONFIDENTIAL INFORMATION, within ~~sixty (60)~~ 14 days |
|6| | days of receipt of the transcript of said deposition by the party as |
|7| | CONFIDENTIAL INFORMATION by advising all counsel of record |
|8| | of their designation of the specific portions of the deposition as |
|9| | confidential, which shall be treated as if designated initially at the |
|10| | deposition from that point forward. |

11 ~~5.    All pleadings that refer to CONFIDENTIAL INFORMATION and all~~
12 ~~documents containing CONFIDENTIAL INFORMATION shall be filed in the public record~~
13 ~~in redacted form, with as few redactions as possible. Concurrently with the filing of the~~

*See order issued concurrently herewith*

~~the document containing the CONFIDENTIAL INFORMATION, the party~~
~~the CONFIDENTIAL INFORMATION will seek a court order authorizing the~~
~~redacted version of the pleading and/or document under seal pursuant to the~~

17 ~~procedures outlined in LR IA 10-5, Local Rules of Civil Procedure, United States District~~
18 ~~Court for the District of Nevada.~~

19    6.    Unless otherwise provided in this Order (see Paragraph 8) access to
20 CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, and to the
21 following counsel and experts: attorneys in this action, consulting attorneys, and testifying or
22 consulting experts, where production is required by the Federal Rules of Civil Procedure or a
23 court order. Any attorney or expert to whom disclosure is made will be furnished with a copy
24 of the Protective Order and will be subject to the Order.

25    7.    CONFIDENTIAL INFORMATION containing address, identifying
26 information, dependent information, or contact information concerning former or current
27 CoreCivic employees/independent contractors will not be disclosed to any current or former

inmate/detainee or member of the general public. Access will be restricted to the attorneys in this action. Moreover, CONFIDENTIAL INFORMATION containing proprietary policies, protocols, practices, and directives relating to security procedures utilized by any CoreCivic employee, at any CoreCivic facility, will not be disclosed to any current or former inmate/detainee, unless they are already public records. Defendants will produce the information with the label: **"CONFIDENTIAL/ATTORNEYS' EYES ONLY."** CONFIDENTIAL INFORMATION so labeled shall not be disclosed to the public or any current or former inmate/detainee, and will be handled accordingly at all times barring a written agreement by the designating party to modify or remove the designation or a court order. The terms of this Protective Order are not to be construed as an agreement by CoreCivic, or its employees/independent contractors, to disclose security sensitive information related to the operation of any CoreCivic facility. Before any portion of a deposition or court proceeding transcript that has been marked **CONFIDENTIAL/ SUBJECT TO PROTECTIVE ORDER** and/or **CONFIDENTIAL/ATTORNEYS' EYES ONLY** and contains testimony or documentary evidence regarding CONFIDENTIAL INFORMATION pertaining to a current or former CoreCivic employee/independent contractor, including but not limited to the person's home address, personal phone number, personal email address, names of friends and/or family members, or other similar information, is filed with the Court or provided to any person other than the attorneys in this matter, including the Parties or their experts, all such confidential personal information shall be redacted.

8. While this Protective Order intends to limit access to certain information as set forth in Paragraph 7, nothing in this Protective Order limits Plaintiff from viewing his own CONFIDENTIAL INFORMATION, which includes his non-publicly available medical and mental health records.

9. If Plaintiff's counsel or experts are required by law or court order to disclose CoreCivic's CONFIDENTIAL INFORMATION to any person or entity not identified in

Paragraph 6, the name of that person or entity will be furnished to CoreCivic as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that CoreCivic may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 6 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

10. Upon completion of this litigation, if Plaintiff's counsel desires to use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Order in any other lawsuit, Plaintiff's counsel must first request permission in writing from the Office of the General Counsel of CoreCivic and/or Struck Love Bojanowski & Acedo, PLC. The request must be made in sufficient time (not less than two weeks) for CoreCivic and/or Struck Love Bojanowski & Acedo, PLC to adequately respond. If permission is given, all terms of this Order will apply to use of the CONFIDENTIAL INFORMATION in any other lawsuit. If permission is not given, Plaintiff's counsel agrees not to use the documents produced in this litigation in any other subsequent litigation.

11. Counsel for the parties retains the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

12. Nothing in this Protective Order precludes Plaintiff or CoreCivic from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order. Moreover, by agreeing generally in this Protective Order that certain categories of documents and information will be covered as confidential, the Parties do not waive the right to challenge the discoverability of documents that fall within those categories.

13. Each person designated in Paragraph 6, by receiving and reading a copy of this Protective Order, agrees to abide by its provisions and to see that its provisions are

known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order is breached.

DATED this 7th day of January 2019.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Jacob B. Lee
    Jacob B. Lee
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226
    JLee@strucklove.com

    Gina G. Winspear
    DENNETT WINSPEAR
    3301 North Buffalo Dr., Suite 195
    Las Vegas, NV 89129
    GWinspear@dennettwinspear.com

    Attorneys for Defendant
    Corrections Corporation of America/CoreCivic

CALLISTER LAW GROUP

By /s/ Mitchell S. Bisson (with permission)
    Matthew Q. Callister, Esq.
    Mitchell S. Bisson, Esq.
    330 E. Charleston Blvd., Suite #100
    Las Vegas, Nevada 89101

    Attorneys for Plaintiff

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 8, 2019