MATTHEW Q. CALLISTER, ESQ.
Nevada Bar No.: 1396
MITCHELL S. BISSON, ESQ.
Nevada Bar No.: 011920
CALLISTER LAW GROUP
330 E. Charleston Blvd., Suite 100
Las Vegas, NV 89104
Tel. No.: (702) 385-3343
Fax No.: (702) 385-2899
Email: mqc@callcallister.com
       mbisson@callcallister.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUDY RIVERA, an individual;<br><br>Plaintiff,<br><br>v.<br><br>DANIEL BOGDEN, *et al.*;<br><br>Defendants. | Case No.: 2:17-02776-JCM-NJK<br><br>**UNOPPOSED MOTION TO EXTEND DEADLINES SET FORTH IN JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SECOND REQUEST)** |

Plaintiff RUDY RIVERA ("Plaintiff") by and through his counsel of record, MATTHEW CALLISTER, ESQ. and MITCHELL S. BISSON, ESQ. with CALLISTER LAW GROUP, in accordance with LR 26-4 of the Local Rules of Practice for the United States District Court, District of Nevada, hereby requests that the remaining discovery deadlines be extended sixty (60) days. Defendant, CORRECTIONS CORPORATION OF AMERICA ("CoreCivic"), by and through its counsel of record, JACOB B. LEE, ESQ. with the law firm of STRUCK LOVE BOJANOWSKI & ACEDO and GINA WINSPEAR, ESQ. with the law firm of DENNETT WINSPEAR do not oppose this Motion. This is the second overall request to extend the deadlines made in this matter, but the first request to extend the deadline for close of discovery. The prior request to extend discovery was related to expert disclosures only.

This unopposed Motion is made and based on the following points and authorities, the pleadings and papers on file, and any additional evidence the Court deems appropriate to consider.

## I. BACKGROUND/FACTS

On or about April 17, 2018, the Court issued an Amended Discovery Plan and Scheduling Order [Dkt. 27], setting forth the following relevant dates/deadlines:

- Deadline to Amend Pleadings: July 5, 2018
- Disclosure of Initial Experts: August 6, 2018 (Plaintiff)
  September 20, 2018 (Defendant)
- Disclosure of Rebuttal Experts: November 5, 2018
- Close of Discovery: **February 1, 2019**
- Dispositive Motions: **March 5, 2019**
- Joint Proposed Pretrial Order: **April 4, 2019, or 30 days after resolution of dispositive motions**

Thereafter, in August 2018, this Honorable Court granted a Stipulation and Order [Dkt. 31], extending the deadlines for both parties' initial experts and rebuttal experts *only*. No other deadlines have previously been extended. As such, the current relevant dates are as follows:

- Deadline to Amend Pleadings: July 5, 2018 (**PASSED**)
- Disclosure of Initial Experts: September 5, 2018 (Plaintiff) (**PASSED**)
  October 22, 2018 (Defendant) (**PASSED**)
- Disclosure of Rebuttal Experts: December 4, 2018 (**PASSED**)
- Close of Discovery: **February 1, 2019**
- Dispositive Motions: **March 5, 2019**
- Joint Proposed Pretrial Order: **April 4, 2019, or 30 days after resolution of dispositive motions**

Plaintiff now files this unopposed Motion to request an additional sixty (60) day extension of the remaining deadlines. Specifically, Plaintiff requests that the discovery cutoff date be extended sixty days from February 1, 2019 to April 2, 2019. Further, Plaintiff requests the dispositive motion deadline be extended sixty days from March 5, 2019 to May 4, 2019 and the Joint Proposed Pretrial Order be due June 3, 2019 or 30 days after resolution of dispositive motions.

As described below, this matter involves out of state counsel, *hundreds* of hours of recorded jail phone calls to filter through, thousands of pages of disclosed documentation, and multiple out of state witnesses and expert witnesses. While a majority of the necessary discovery has been completed, Plaintiff still needs to depose approximately four (4) of Defendant's employees. Plaintiff's counsel and Defendant's counsel have already discussed the witness' availability, and unfortunately said witnesses are not available for deposition until mid-February. In order to accommodate this, the close of discovery will need to be extended.

The undersigned discussed the instant Motion with Defendant's counsel, and Defendant's counsel has stated they do *not* oppose a sixty (60) day extension of the remaining deadlines.

## II. REQUEST FOR EXTENSION

Local Rule 26-4 states:

A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
    (a) A statement specifying the discovery completed;
    (b) A specific description of the discovery that remains to be completed;
    (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
    (d) A proposed schedule for completing all remaining discovery.

Plaintiff sets forth the requirements of LR 26-4 and discusses the same below. This Motion is being filed more than 21 days before the expiration of any of the deadlines sought to be extended. This Motion is *not* being made for the purpose of delay, and as discussed below, good cause exists to extend the remaining discovery deadlines. As such, this Court should grant the requested extension.

## A. STATEMENT SPECIFYING DISCOVERY COMPLETED (LR 26-4(a))

The Rule 26(f) conference was held on March 21, 2018. Following the Rule 26(f) conference, the proposed Joint Discovery Plan and Scheduling Order was filed on April 10, 2018. An Amended Proposed Discovery Plan and Scheduling Order was filed on April 16, 2018. The Court approved the Proposed Discovery Plan and Scheduling Order on April 17, 2018. The Court approved the Stipulation and Order to Extend Deadlines Set Forth in Joint Discovery Plan and Scheduling Order (First Request) on August 7, 2018 and extended the expert deadlines.

Defendant exchanged initial disclosures on April 9, 2018 and Plaintiff exchanged initial disclosures on April 10, 2018. Both sides have served supplemental disclosures. On July 17, 2017, Defendant propounded Interrogatories, Requests for Admissions and Request for Production upon Plaintiff to which Plaintiff responded on August 20, 2018. Throughout the following months, the parties held multiple meet and confers regarding Plaintiff's responses and whether any supplements/amendments were necessary. After said discussions, Plaintiff submitted amended written discovery responses on October 9, 2018 and again on November 30, 2018.

Defendant has additionally served numerous subpoenas on Plaintiff's former employers, experts, and other third parties. Most subpoenas have been responded to and the documents have been disclosed to the parties.

As far as expert disclosures go, both parties have previously disclosed their experts and expert reports. On September 5, 2018, Plaintiff disclosed its initial experts, Roger Clark and Terrance Clauretie. On or about October 22, 2018, Defendant disclosed Captain A. McCauley as its expert witness.

On December 3, 2018, Plaintiff served his Requests for Production of Documents and Requests for Interrogatories to Defendant. Upon Defendant's request for additional time to respond to said written discovery, Plaintiff agreed to make the responses due January 11, 2019.

Additionally, Defendant has noticed Plaintiff's deposition for January 22, 2019.

## B. SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED (LR26-4 (b))

Plaintiff will need to depose Defendant's expert – Captain McCauley. Furthermore, Defendant is still awaiting responsive documentation related to a subpoena duces tecum served on Plaintiff's expert Roger Clark. Plaintiff's counsel and Defendant's counsel are currently attempting to resolve this issue.

Additionally, Plaintiff needs to take the depositions of three percipient witnesses, one of which is in Texas and two of which are unavailable until mid-February 2019 – *after the current close of discovery.*

Currently, Defendant intends to provide responses to Plaintiff's written discovery requests on January 11, 2019. Plaintiff *may* need to serve an additional set of written discovery after reviewing the responses to the first set.

## C. REASONS FOR REQUESTED EXTENSION (LR26-4 (c))

The parties need additional time to coordinate, schedule and take the various depositions as the deponents are out-of-state or otherwise unavailable until after the current close of discovery - February 1, 2019. Moreover, as part of the discovery process, Defendant disclosed hundreds of hours of recorded jail phone calls that took Plaintiff's counsel an ***extensive*** amount of time to listen to and analyze. While upon first glance it may appear that minimal discovery was conducted by Plaintiff during the first half of the discovery period, the reality is that Plaintiff's counsel spent a majority of the initial discovery period listening to hundreds of hours of these calls and analyzing their content. This task took months to complete and slowed down the discovery process.

This matter involves out of state counsel, an out of state Plaintiff, *hundreds* of hours of recorded jail phone calls to filter through, thousands of pages of disclosed documentation, and multiple out of state witnesses and expert witnesses. While a majority of the necessary discovery has been completed, Plaintiff requests that an additional sixty (60) days to complete anything remaining.

As discussed above, there have been no prior extensions of the discovery cutoff date – the only prior extension was related to the expert disclosures only. Further, Plaintiff's counsel has discussed this Motion and the requested extension with Defendant's counsel, and Defendant does *not* oppose the granting of this Motion or the sixty (60) day extension. Therefore, Plaintiff submits that there is good cause to extend the remaining deadlines as set forth below.

### D. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY (LR26-4 (d))

Pursuant to LR 26-4, Plaintiff proposes (and Defendant does not oppose) to extend the current deadlines as follows:

1. **Discovery Cut-Off Date**: The current deadline to complete discovery is February 1, 2019. Plaintiff proposes extending this deadline up to and including April 2, 2019;

2. **Deadline for Amending the Pleadings and Adding Parties**: The current deadline to amend the pleadings and add parties has passed, and the parties do not request to reopen this deadline.

3. **Interim Status Report**: The current deadline to file a Joint Interim Status Report has passed, and the parties do not need deem it necessary to file another report upon extending the discovery cutoff date.

4. **Expert Disclosures**: The current deadline for expert disclosures has passed, and the parties do not request to reopen this deadline.

5. **Rebuttal Experts**: The current deadline for rebuttal expert disclosures has passed, and the parties do not request to reopen this deadline.

6. **Dispositive Motions**: The current deadline to file dispositive Motions is March 5, 2019. Plaintiff proposes extending this deadline up to and including May 4, 2019

7. **Pre-Trial Order and Pre-Trial Disclosures**: The current date the parties shall file the joint pretrial order, including FRCP 26(a)(3) pre-trial disclosures, is April 4, 2019. Plaintiff proposes extending this deadline up to and including June 3, 2019. If dispositive motions are filed, the deadline for

filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions.

## II.    CONCLUSION

As set forth above, Defendant does not oppose the motion/extension, the motion is filed more than 21 days prior to the expiration of the relevant deadlines, and the motion is made in good faith and not for the purposes of delay. Based upon the foregoing, Plaintiff requests that this Court GRANT the instant unopposed motion to extend the remaining discovery dates.

DATED this 9th day of January, 2019.

        **CALLISTER LAW GROUP**

        /s/ Mitchell S. Bisson, Esq.
        **MITCHELL S. BISSON, ESQ.**
        Nevada Bar No. 011920
        330 E. Charleston Blvd., Suite 100
        Las Vegas, NV  89104
        *Attorneys for Plaintiff*

**NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 9, 2019