UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RUDY RIVERA,

      Plaintiff(s),

v.

DANIEL BOGDEN, et al.,

      Defendant(s).

Case No.: 2:17-cv-02776-JCM-NJK

**Order**

      Pending before the Court is a motion to seal. Docket No. 51. Defendant CoreCivic filed a response in support of keeping secret, *inter alia*, the first names of employees. Docket No. 58.[1] No legal citation is provided that addresses this particular issue, other than citation to the docket of an order in a case in another district. *See id.* at 5-6. No Westlaw or Lexis citation is provided, nor is a copy of the order attached. Moreover, the factual basis for that request is purportedly a supporting declaration filed in relation to CoreCivic's brief, *see id.* at 5-6, *see also id.* at 2 (referencing "supporting declaration"), but no such declaration was filed. Lastly, there is a suggestion that that the names of these employees and their affiliation with CoreCivic may be publicly available through social media and/or press publications, *see* Docket No. 64 at 4-5, which if true obviates the need for protecting those names in the filings in this case, *see, e.g.*, *TriQuint*

---

[1] Plaintiff does not oppose this request. *See* Docket No. 59 at 2. While the Court certainly considers the parties' positions with respect to allowing redaction or sealing, their agreement on the issue is not dispositive given that the Court is protecting the <u>public's</u> right to access information in judicial filings.

1

*Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, *2-7 (D. Ariz. Apr. 25, 2012) ("information that has already entered the public domain cannot in any meaningful way be later removed from the public domain").

Given these circumstances, CoreCivic must file a supplement by July 25, 2019. This supplement must attach a declaration providing a factual basis for the relief being sought. This supplement must also attest whether the information is available already in the public domain. This supplement must also cite to case law addressing requests to maintain the secrecy of the names of prison staff or other law enforcement personnel, and must attach any cited orders that are not available on Westlaw or Lexis. This supplement must then provide meaningful discussion as to how the "compelling reasons" standard is met with respect to this request.

IT IS SO ORDERED.

Dated: July 18, 2019

_____
Nancy J. Koppe
United States Magistrate Judge