# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RUDY RIVERA,

    Plaintiff(s),

v.

DANIEL BOGDEN, et al.,

    Defendant(s).

Case No.: 2:17-cv-02776-JCM-NJK

**Order**

[Docket Nos. 51, 56, 60, 62]

Pending before the Court is a motion to seal, Docket No. 51, a motion to unseal, Docket No. 56, a motion for sanctions, Docket No. 60, and a motion to strike, Docket No. 62. The motions have been briefed and Defendants filed a supplement as ordered. *See, e.g.*, Docket No. 69.

The Court begins with the motion to seal and the motion to unseal. Docket Nos. 51, 56. Without Court order, birthdates must be redacted pursuant to Rule 5.2(a)(2) of the Federal Rules of Civil Procedure and Local Rule IC 6-1. Moreover, compelling reasons exist to justify redaction of the first names of prison employees based on security concerns. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (outlining compelling reasons standard); *see also Castillon v. Corrs. Corp. of Am., Inc.*, 2015 WL 3948459, at *1, 3 (D. Idaho June 29, 2015) (finding compelling reasons exist to redact first names of non-party former prison employees). As such, the Court finds that redaction of birthdates and first names is appropriate in this case. A showing sufficient to justify secrecy with respect to all other aspects of the filings has not been made. Accordingly, the motion to seal (Docket No. 51) is **GRANTED** in part and the motion to

1

unseal (Docket No. 56) is **DENIED** in part, consistent with the above.  Rather than have piecemeal filings on the docket, the parties shall confer on identifying all applicable redactions for birthdates and first names in the subject documents and, no later than October 9, 2019, Plaintiff shall file a complete, properly redacted version of his brief and all exhibits thereto on the public docket.

Defendant also seeks sanctions and to strike Plaintiff's reply brief on the ground that a paragraph therein was frivolous and made in bad faith.  *See* Docket Nos. 60, 62.  The Court is not persuaded that those showings have been made sufficiently to warrant relief.  Accordingly, the motion for sanctions (Docket No. 60) and the motion to strike (Docket No. 62) are both **DENIED**.

Counsel for both parties are advised that their conduct in briefing these motions, especially their attacks on one other, fall below the Court's expectations.  The Court expects better moving forward.

IT IS SO ORDERED.

Dated: July 26, 2019

_____
Nancy J. Koppe
United States Magistrate Judge