UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUDY RIVERA,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>DANIEL BOGDEN, et al.,<br><br>　　　　　　　　　　　　Defendant(s). | Case No. 2:17-CV-2776 JCM (NJK)<br><br>ORDER |

Presently before the court Rudy Rivera's ("plaintiff") motion to stay case pending appeal. (ECF No. 79).

Plaintiff moves to stay this case pending his appeal to the Ninth Circuit. *Id.* The court considers four factors when deciding whether to stay an action pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The entirety of plaintiff's argument in favor of a stay is as follows:

> Plaintiff timely filed his notice of appeal within thirty days of this court's issuance of its order on the summary judgment motion, as required by Federal Rules of Appellate Procedure, Rule 4(a). If the Court awards costs to Defendant before Plaintiff's appeal can be heard on the merits, Plaintiff will clearly be prejudiced and suffer irreparable harm. Plaintiff—an individual who was wrongly incarcerated for almost a year before he was finally freed—should not be ordered to pay the costs of the multi-billion dollar corporate Defendant (a Defendant who ignored his pleas for assistance while they jailed him) before Plaintiff's appeal can be heard. Furthermore, if Plaintiff prevails on appeal, Defendant's current request for costs will be moot as they will no longer be a prevailing party.

**James C. Mahan**
**U.S. District Judge**

> Accordingly, Plaintiff respectfully requests that this Honorable Court stay the current action in its entirety—including awarding any costs—until the Ninth Circuit Court of Appeals can weigh in on the issue of liability for this egregious 355-day detention of an innocent person.

(ECF No. 79 at 2–3).

Plaintiff does not address the *Hilton* factors. He does not make any kind of showing that he is likely to succeed on the merit and does not address the public interest. Instead, his sole argument is that he would be irreparably injured if he had to pay a "multi-billion-dollar corporate defendant." But, as he noted, if he prevails on appeal the request for costs will be moot and his money returned to him. Thus, without more, the court finds no irreparable harm.

Because plaintiff failed to address the *Hilton* factors, the court does not and cannot find a reason this action must be stayed. Plaintiff's motion is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to stay (ECF No. 79) be, and the same hereby is, DENIED.

DATED April 22, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -