UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUDY RIVERA, | Case No. 2:17-CV-2776 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| DANIEL BOGDEN, et al., | |
| Defendant(s). | |

Presently before the court is defendant CoreCivic[1] ("CoreCivic")'s motion in limine. (ECF No. 104). Plaintiff Rudy Rivera ("Rivera") responded. (ECF No. 106).

## I.  INTRODUCTION

Rivera was arrested by Las Vegas Metropolitan Police Department for drug-related offenses in January 2014. He was at liberty on bail when he was indicted and an arrest warrant was issued in November 2014. Rivera was arrested pursuant to that warrant in the Eastern District of California in October 2015 and was subsequently transferred to the District of Nevada. Once Rivera arrived at Nevada Southern Detention Center ("NSDC"), the deputy marshal of the United States Marshals Service ("USMS") received e-mail notification.

The deputy marshal failed to forward this email to the court, and as a result, Rivera remained at NSDC in the physical custody of CoreCivic for nearly a full year without an initial appearance. On October 24, 2016, Rivera appeared in front of a magistrate judge who released him on a personal recognizance bond.

On February 20, 2019, Rivera filed suit against the United States of America in *Rivera v. United States of America*, No. 2:19-cv-00306-RFB-VCF (the "government case"). In an order

---

[1] CoreCivic is formerly known as Corrections Corporation of America.

**James C. Mahan**
**U.S. District Judge**

ruling on competing motions for summary judgment,[2] regarding River's negligence claim, Judge Boulware found that:

> It is undisputed that the USMS had the duty to ensure that [Rivera] and other individuals in USMS custody were brought to the attention of other court officials who would then initiate the process for such individuals to be brought to court for an initial appearance. It is also undisputed that the normal process to be followed to ensure that individuals were brought to court was not followed in this case. There is a dispute, however, as to whether the alleged harm in this case, a lengthy period of detention, was caused by the failure of USMS to follow its protocol.

The disputed causation element of negligence resulted in a denial of the motions; the case was set to proceed to trial. The parties ultimately settled.

CoreCivic now moves the court to take judicial notice in this matter of the court's findings in the government case, and make a pretrial finding here that the government breached a duty that it owed to Rivera. (ECF No. 104).

## II.   LEGAL STANDARD

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions in limine are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions in limine may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling in limine that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

---

[2] CoreCivic's motion was titled a motion to dismiss, but it was construed as a motion for summary judgment because it was brought at the end of discovery and responded to Rivera's motion for summary judgment.

**James C. Mahan**
**U.S. District Judge**

- 2 -

"[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, no. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. April 18, 2013).

### III.   DISCUSSION

In this matter, Rivera alleges that CoreCivic breached its duty of care in at least ten different ways. In fact, all issues in this matter relate to whether CoreCivic owed various duties to Rivera and whether they were breached. Any duty USMS owed to Rivera does not necessarily obviate any duty CoreCivic owed to Rivera. The court finds that taking judicial notice of USMS's duty to ensure the proper officials were contacted in order to schedule Rivera's initial appearance is appropriate. However, to be clear, this is not the same as a finding that CoreCivic did not owe that—or any other—duty to Rivera.

CoreCivic further asserts that this court should apply the doctrines of judicial admissions and judicial estoppel, and preclude Rivera from making contradictory arguments concerning CoreCivic's duties to Rivera. Specifically, CoreCivic contends that because Rivera alleged the government and its employees were responsible for any injury he suffered as a result of the events giving rise to this action in the government case, he should be estopped from arguing that CoreCivic was the only party responsible for his injury.

Rivera's arguments are not incompatible as CoreCivic suggests. Rivera has consistently alleged that both USMS and CoreCivic breached duties of care owed to him. CoreCivic suggests that because Rivera dismissed USMS and certain government officials from this matter and brought a separate suit against them—the government case—that it somehow construes Rivera's negligence cause of action to be limited to one tortfeasor. The court declines to adopt this construction. Indeed, the Ninth Circuit remarked on Rivera's consistent allegations that both USMS and CoreCivic were negligent. *See Rivera v. Corrections Corp. of Am.*, 999 F.3d 647, 652–53 (9th Cir. 2021) (noting Rivera's argument that CoreCivic's lack of action prolonged his detention).

**James C. Mahan**
**U.S. District Judge**

Thus, the court takes judicial notice and makes a finding that the government breached a duty it owed to Rivera—namely, the duty to ensure Rivera was brought to the attention of other court officials in order to coordinate his initial appearance. The court declines to make any pretrial findings beyond the scope of this limited issue.

## IV.  CONCLUSION

Accordingly, consistent with the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CoreCivic's motion in limine (ECF No. 104) be, and the same hereby is, GRANTED in part and DENIED in part.

DATED June 30, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -